# United States Court of Appeals for the Federal Circuit

2006-1582


FOREMOST IN PACKAGING SYSTEMS, INC.
(Doing business as Envirocooler),

Plaintiff-Appellant,

v.


COLD CHAIN TECHNOLOGIES, INC.,

Defendant-Appellee.
.


James C. Brooks, Attorney, Orrick, Herrington & Sutcliffe LLP, of Los Angeles, California, argued for plaintiff-appellant. With him on the brief were Hope E. Melville and Mark J. Shean, of Irvine, California.

Edward R. Schwartz, Attorney, Christie, Parker & Hale, LLP, of Pasadena, California, argued for defendant-appellee.

Appealed from: United States District Court for the Central District of California

Judge James V. Selna

# United States Court of Appeals for the Federal Circuit

2006-1582

FOREMOST IN PACKAGING SYSTEMS, INC.
(Doing business as Envirocooler),

Plaintiff-Appellant,

v.

COLD CHAIN TECHNOLOGIES, INC.,

Defendant-Appellee.

_____

DECIDED:  May 2, 2007

_____


Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

In this patent infringement appeal, the appellant Foremost In Packaging Systems, Inc. ("Foremost"), challenges the district court's (1) construction of certain patent terms and (2) ruling that the appellee Cold Chain Technologies, Inc. ("Cold Chain")'s products do not infringe those claims as thus construed.  We affirm.

I

This case involves insulated shipping containers designed to carry items such as pharmaceuticals and human tissue, which must be transported at specific temperatures.  The containers consist of an insulated cover and an insulated body that includes separate areas in which the transported product and the coolant are placed (described in the patent as "cavities").  Claim 9 of Foremost's United States Patent No. 5,294,302

(the "'302 patent") covers "an insulated shipping container for transporting a temperature sensitive product . . . comprising . . . an insulated block extending from" "an insulated cover adopted to engage the open top of the open end of the insulated body." Claim 13 contains similar language; the differences in the words of the two claims are irrelevant to the issues before us. Both claims state

> the insulated block being adapted to slidably engage the coolant cavity, thereby the coolant and the insulated block together substantially filling the coolant cavity.

The district court construed this limitation to require that the cover block be inserted into the coolant cavity in order to "slidably engage" it. See Foremost in Packaging Sys., Inc. v. Cold Chain Techs., Inc., No. SACV 05-24-JVS(MLGx), slip op. at 8-9 (C.D. Cal. June 15, 2006).

II

A.1  The issue before us can best be explained by reference to the following diagrams.  Figure A is a simplified version of Figure 1 of the '302 patent, which the patent describes as a preferred embodiment.  Figure B is a drawing included in Foremost's opening brief, and not challenged by Cold Chain, of the latter's insulated cooler ("the Kool Temp GTS") that Foremost contends infringes the '302 patent.





Fig. A–Simplified Version of Figure 1 of '302 Patent          Fig. B– Drawing of KoolTemp GTS

The square insulated block in the cover of Figure A contains four horizontal extensions consisting of rectangular blocks. When the cover is placed on the container, these four blocks descend into the four coolant cavities. The question is whether Claims 9 and 13 require that they so extend.

We agree with the district court that the claims so require. The claims state that when the insulated block "slidably engage[s]" the coolant cavity, the result is that "the coolant and the insulated block together substantially fill [ ] the coolant cavity." Focusing primarily on the patent words "slidably engage the coolant cavity," Foremost contends that even though the insulated block does not extend down into the coolant cavities, this limitation of the claim is satisfied as long as the insulated block "slidably engages" the coolant cavity.

If the insulating block does not extend down into the coolant cavities, the coolant and the insulated block cannot "together" substantially fill the cavity. In that situation the only way the coolant cavity would be substantially filled would be if the coolant itself performs that function. The insulated block would have no role in that process. The

claims, however, require that the two elements of the container perform that filling function "together," not that one of them do so separately.

Our interpretation of these claims rests upon their language. It does not import into the language, as Foremost contends, the preferred embodiment shown in Figure 1 of the patent.

2. The district court correctly concluded that, under its claim construction, the KoolTemp GTS does not infringe the '302 patent, either literally or under the doctrine of equivalents. There is no literal infringement because in the KoolTemp GTS the insulated block and the coolant do not "together" substantially fill the coolant cavity, since the insulated block merely covers the opening of, but does not extend into, the coolant cavity. In these particular circumstances, Foremost cannot establish infringement by invoking the doctrine of equivalents. Cf. Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc., 469 F.3d 1005, 1016-20 (Fed. Cir. 2006).

B. The other claim involved in this appeal, Claim 22, covers

> An insulating shipping container for transporting a temperature sensitive product therein, compromising . . . an insulated cover adapted to engage the open end of the insulated body and having a configuration for minimizing air spaces within the cavities.

The district court correctly construed this claim as requiring that part of the cover be inserted into the coolant cavity. The only way the insulated cover can have "a configuration for minimizing air spaces within the cavities" is if the cover is designed so that part of it extends downward into and therefore fills part of the coolant cavity. If the cover merely covers the top of the cavity but does not extend down into it, it cannot "minimize" airspace within the cavity. It can accomplish the latter result only if it extends

into the cavity, since that is the only way it can occupy and thus reduce air space in the cavity.

The district court also correctly granted summary judgment that the KoolTemp GTS does not infringe Claim 22. Our discussion of non-infringement of Claims 9 and 13 also is applicable to Claim 22 and requires the same result. There is no literal infringement because, as shown in Figure B in the diagram above, KoolTemp's insulated cover does not extend downward into the coolant cavity, but merely covers its top. As in the case of Claims 9 and 13, Foremost cannot establish infringement by invoking the doctrine of equivalents.

## CONCLUSION

The judgment of the district court granting Cold Chain summary judgment of noninfringement of Claims 9, 13, and 22 is

AFFIRMED.